# COURT OF APPEALS OF VIRGINIA

## Record No. 2097-24-1

THAISON THANH NGUYEN

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Beales, White and Duffan

Opinion Issued August 11, 2026[*]

### FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Jennifer L. Guiliano, Assistant Attorney General, on brief), for appellee.

### MEMORANDUM OPINION
### PER CURIAM

Following a jury trial, the Circuit Court of the City of Hampton convicted Thaison Thanh Nguyen of possessing a firearm after having been convicted of a violent felony in violation of Code § 18.2-308.2, carrying a concealed weapon in violation of Code § 18.2-308, and driving without a license in violation of Code § 46.2-300. The trial court sentenced Nguyen to 5 years and 18 months of incarceration, with 18 months suspended. On appeal, Nguyen challenges the sufficiency of the evidence to sustain his firearm convictions.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[3]

On November 13, 2019, Nguyen drove a van to the security gate at Langley Air Force Base. Nguyen was alone in the van. Officer Robert Robinson, who was responsible for security at the gate, asked for Nguyen's military identification. Nguyen said that he did not have military identification, he was lost and needed directions, and he was looking for a place to turn around. Nguyen also said he did not have a driver's license. Officer Robinson noted an odor of marijuana coming from the vehicle. The officer asked Nguyen for his state identification, which Nguyen produced.

Officer Robinson then directed Nguyen to turn his vehicle around near a median in the road outside the gate. The officer asked Nguyen to show the marijuana that he had in the vehicle. Nguyen produced a cup with some seeds and stems in it. When Officer Robinson asked if he had any more, Nguyen also produced a bag of marijuana and admitted that it was his. Officer Robinson took Nguyen's car keys and notified the Hampton Police Department of the situation. Officer Robinson's supervisor had Nguyen exit the vehicle and sit on the curb about five feet from the van to wait for the local police.

Officer John Ferris of the Hampton Police Department arrived on the scene and began a search of the van, which he discovered was not registered to Nguyen. Officer Ferris first searched the passenger side of the car from front to back, and he found a bag of marijuana on the center console. He found a scale with marijuana on it as well as small plastic bags. Officer

---

[3] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

Ferris then began to search the driver's side of the car. After searching the driver's side door, Officer Ferris found a black handgun under the driver's seat. As Officer Ferris pulled the weapon out from under the seat, Nguyen, who was still sitting on the curb nearby, immediately started running.[4] Officer Ferris and another officer detained Nguyen after a brief foot pursuit.

The gun, a Glock nine-millimeter firearm, was loaded with a bullet in the chamber. Forensic testing revealed a mixture of DNA material on the gun; Nguyen was eliminated as the major contributor to the mixture, but the DNA evidence was not suitable for comparison to determine the minor contributor. The Commonwealth entered Nguyen's 2015 felony conviction for breaking and entering into evidence at trial. The Commonwealth also submitted Nguyen's DMV record into evidence which indicated that Nguyen did not have a valid driver's license at the time of the incident.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found

---

[4] At trial, the Commonwealth introduced police body-camera video that showed Nguyen sitting on the curb near the van for several minutes until the moment Officer Ferris reached under the driver's seat and found the gun.

the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Nguyen argues that "the trial court erred in denying Nguyen's motion to strike."[5] Nguyen further argues that the evidence was insufficient to prove that he constructively possessed the firearm that the police found in the van. He asserts that the Commonwealth failed to demonstrate that he knew that the firearm was under the driver's seat.

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008). "To prove a possession offense, the Commonwealth must 'produce evidence sufficient to allow a rational factfinder to conclude beyond a reasonable doubt that the defendant intentionally and consciously possessed the contraband with knowledge of its nature and character.'" *Commonwealth v. Wilkerson*, 304 Va. 92, 100 (2025) (quoting *Garrick*, 303 Va. at 183). "To prove constructive possession, the Commonwealth 'must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the contraband and that the contraband was subject to his dominion and control.'" *Id.* (quoting *Garrick*, 303 Va. at 183).

"The appellate 'inquiry does not distinguish between direct and circumstantial evidence, as the fact finder itself "is entitled to consider all of the evidence, without distinction, in reaching

---

[5] Nguyen does not challenge his conviction for driving without a license on appeal.

its determination.""" *Garrick*, 303 Va. at 183 (quoting *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017)). "[A]ppellate review recognizes that, although a 'single piece of evidence may [not] be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion.'" *Id.* at 184 (second and third alterations in original) (quoting *Moseley*, 293 Va. at 463).

"To establish constructive possession of the firearm by a defendant, 'the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control.'" *Bolden*, 275 Va. at 148 (quoting *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006)). "While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Id.*

In *Garrick*, the police found the defendant asleep in the driver's seat of a running car in a convenience store parking lot. 303 Va. at 180. The police searched the vehicle after noting the odor of marijuana inside it. *Id.* The police found drugs and a loaded gun in the glove compartment. *Id.* Recently dated receipts for maintenance of the car bearing the defendant's name as the customer were in the glovebox. *Id.* The defendant in *Garrick* also told the police that his mother owned the car, but that he drove it approximately three times per week. *Id.* Considering that the drugs and the firearm were within the defendant's reach from the driver's seat, considering that he was the sole occupant of the car, considering that he had been there for a significant period of time, considering that he maintained the car as well as drove it regularly, and also considering that drugs and firearms are valuable items not likely to be abandoned, the

Supreme Court in *Garrick* found that a rational factfinder could conclude that the defendant constructively possessed the drugs and the firearm. *Id.* at 184-86.

In the case now before us, Nguyen was driving the van alone when he arrived at the gate of Langley Air Force Base. Nguyen said he was lost and needed directions, tending to show that he had been driving the van longer than just briefly. After determining that Nguyen did not have a driver's license and detecting the smell of marijuana, Officer Robinson instructed Nguyen to move the van to a nearby median. When the officer asked Nguyen about the marijuana, he first produced a cup of seeds and stems—and then "a small plastic bag filled with marijuana" that he essentially admitted was his. The police then had Nguyen sit on the curb near the van as they searched it, and Nguyen remained there passively until the instant that a police officer reached under the driver's seat. Upon the officer's discovery of the gun (which would have been within the driver Nguyen's reach), Nguyen immediately got up off the curb and took off running. "[I]t is today universally conceded that the fact of an accused's flight, . . . and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself." *Walker v. Commonwealth*, 79 Va. App. 737, 749 (2024) (second alteration in original) (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991)).

Considering the totality of the evidence, a rational factfinder could certainly conclude that Nguyen knew of the gun under the driver's seat of the van, which he was driving—and that the firearm was subject to his dominion and control.

CONCLUSION

For all of the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*